IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEER BEARING CO., | : | MISCELLANIOUS CASE |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| ROLLER BEARING CO. OF AM., INC., | : | |
|     Defendant. | : | NO. 12-216 |

## MEMORANDUM RE: MOTIONS TO QUASH SUBPOENAS

**Baylson, J.**                                                                                                              **December 19, 2012**

### I.    Introduction

Respondent Roller Bearing Company of America, Inc. ("RBC" or "Respondent") seeks discovery in support of its petition to disqualify Peer Bearing Co.'s ("Peer") counsel (the "Petition to Disqualify") from Peer's opposition (the "Peer Opposition") to RBC's trademark application that is currently pending before the United States Patent and Trademark Office (the "USPTO") through two sets of subpoenas served on third parties pursuant to 35 U.S.C. § 24:

1. The first set of subpoenas seeks discovery from Movants Pepper Hamilton LLP and two Pepper Hamilton LLP attorneys, David Richman and Matthew D. Janssen; and

2. The second set of subpoenas seeks discovery from SKF USA Inc. and SKF's President and Chief Operation Officer, Poul Jeppesen (collectively "Movants").

Movants filed Motions to Quash the Subpoenas (ECF Nos. 1 and 10) (the "Motions").

The initial and threshold question presented by the Motions is whether 35 U.S.C. § 24 provides courts with the power to issue subpoenas in support of petitions to disqualify attorneys from proceedings before the USPTO Trade Mark Trial and Appeals Board (the "TTAB"). This is apparently a case of first impression. For the reasons below, the Court finds that § 24 does not

provide a federal district court with authority to issue RBC's subpoenas, and, therefore, Movants' Motions to Quash are GRANTED.

## II.     Background

The Court provides only a short summary of the events leading up to RBC serving the subpoenas on Movants, because detailed facts are not germane to the question of whether 35 U.S.C. § 24 authorizes this Court to issue subpoenas in support of petitions to qualify.

RBC, SKF and Peer, a wholly owned subsidiary of SKF, are ball bearing manufacturers embroiled in a lengthy dispute regarding RBC's application to trademark certain names for ball bearings (the "Ball Bearing Names").  A number of ball bearing manufacturers, including SKF and Peer, opposed RBC's trademark application, claiming that the Ball Bearing Names cannot be trademarked because they are standard industry names.

RBC challenged SKF's and Peer's rights to oppose its trademark application based on a prior deal between RBC and SKF in which SKF sold part of its business to RBC.  The dispute went to arbitration, and the panel rendered an interim award and a final award that:

1. Enjoined SKF from opposing RBC's trademark application because SKF had sold its interest in using the Ball Bearing Names to RBC, but

2. Declined to enjoin Peer from opposing RBC's trademark application, because SKF had acquired Peer after its deal with RBC, and Peer has an independent interest in using the Ball Bearing Names.

SKF subsequently withdrew its opposition; Peer continues to pursue its opposition.

RBC subsequently filed its Petition to Disqualify in the Peer Opposition, and served two sets of subpoenas requesting discovery (both documents and depositions) from Movants in support of its petition.  Movants request that the Court quash RBC's subpoenas.

**III.    Procedural History**

Movants[1] initially believed that RBC's subpoenas were for discovery in the Peer Opposition and argued that RBC's subpoenas should be quashed pursuant to the USPTO's rules for discovery in opposition proceedings, as set forth in the TTAB Manual of Procedure (the "TBMP"), (3d ed., Rev. 1, June 2012), http://www.uspto.gov/ trademarks /process/appeal/tbmp_3rd_ed_rev_1.pdf. [2]

RBC responded (ECF 5) that it was not seeking discovery in the Peer Opposition, but in support of its Petition to Disqualify.[3] (Resp't's Resp. at 9.) RBC's Response:

1. Failed to marshal any authority expressly authorizing the discovery it seeks; and

2. Is internally inconsistent as to whether RBC is, in fact, authorized to take discovery in support of its petition.

RBC's Response cites only one USPTO regulation as authorizing the discovery it seeks, 37 C.F.R. § 11.19(c), which grants the USPTO Director the authority to "handle[ petitions to disqualify] on a case-by-case basis under such conditions as [he] deems appropriate." (Resp't's Resp. at 9.) RBC initially described 37 C.F.R. § 11.19(c) as "not preclud[ing] discovery in support of" its petition and later stated that its "right to seek further evidence in support of its petition" is conditioned on "the USPTO Director deem[ing] it necessary." (Id. at 9, 14.) Nevertheless, RBC also declared – without further explanation or mention of a determination by the USPTO Director regarding the necessity of its discovery – that it is "entitled to . . . seek evidence through . . . subpoenas." (Id. at 14.)

---

[1] Movants Pepper Hamilton, Richman, and Janssen and Movants SKF and Jeppesen filed separate motions to quash RBC's subpoenas. Because Movants SKF and Jeppesen expressly adopted the reasoning of the motion filed by Pepper Hamilton, Richman, and Janssen, the Court will discuss the two motions together.

[2] Movants also made a number of arguments based on attorney-client privilege and the Federal Rules of Civil Procedure. The Court does not address these arguments.

[3] RBC filed separate responses to Movants' two motions to quash. Because RBC expressly adopted the same reasoning for both of its responses, the Court will discuss them together.

Movants' Reply (ECF 12) reasserted their argument that the discovery RBC seeks is disallowed by the TBMP. According to the Movants' Reply, the TBMP interprets the discovery regulations that apply "generally to discovery in" proceedings before TTAB, including petitions to disqualify. (Movants' Rep. at 7-8 & n.3.) Movants failed to address that the TBMP provision they cited, section 403.01, interprets procedures found in 37 C.F.R. Part 2, while, as discussed in Sections III.B. and IV.A., <u>infra</u>, the procedures for petitions to disqualify are governed by 37 C.F.R. Part 11, specifically § 11.19(c). Movants also argued that 37 C.F.R. § 11.19(c) bars RBC's discovery, because it permits discovery only upon the USPTO Director's authorization, and RBC has no such authorization.

RBC submitted a Sur-Response (ECF 13) summarily stating that discovery under 37 C.F.R. § 11.19(c) does not require the USPTO Director's prior authorization, and that 35 U.S.C. § 24 authorizes this Court to issue subpoenas in support of petitions to disqualify.

On November 9, 2012, the Court held oral argument on the Motions. Prior to the hearing, the Court sent letters to counsel for both sides questioning whether § 24 does, in fact, authorize the Court to issue subpoenas in support of petitions to disqualify, and asking that counsel be prepared to address this issue. At the hearing, RBC abandoned its argument that 37 C.F.R. § 11.19(c) authorizes the discovery it seeks, arguing instead that its petition to disqualify should be considered merely a feature of the Peer Opposition, and, therefore that its petition should be subject to the procedures for oppositions found in 37 C.F.R. Part 2. According to RBC, this would permit the discovery it seeks, including the use of subpoenas issued by this Court. RBC brought a written summary of its new position to the hearing and subsequently filed it at the request of the Court (ECF 21).

Movants also changed their tune, arguing that because RBC's Petition to Disqualify resulted in an automatic stay of the Peer Opposition, the discovery rules for oppositions found in 37 C.F.R. Part 2 should not apply. Instead, Movants argued that discovery in support of RBC's petition should be governed by 37 C.F.R. Part 11, specifically § 11.19(c), pursuant to which RBC may not obtain any discovery without prior authorization from the USPTO Director, which RBC had not obtained. (Hr'g Audio File 33:09-35:56 (ECF 19).)

### III. Discovery in USPTO Proceedings

According to 35 U.S.C. § 2(b)(2)(A), Congress granted the USPTO the power to "establish regulations . . . which shall govern the conduct of proceedings in the [USPTO]." Although the Court is aware of no Third Circuit case addressing the scope of the USPTO's authority under this provision, the Federal Circuit has held that § 2(b)(2)(A) "is 'the broadest of the [USPTO's] rulemaking powers' and, '[b]y this grant of power we understand Congress to have delegated plenary authority over [USPTO] practice . . . to the [USPTO]." Cooper Techs. Co. v. Dudas, 536 F.3d 1330, 1335 (Fed. Cir. 2008) (second and fourth alterations in original) (quoting Stevens v. Tamai, 366 F.3d 1325, 1333 (Fed. Cir. 2004)). Congress has also granted the USPTO the power to "establish rules for taking affidavits and depositions required in cases in the [USPTO]." 35 U.S.C. § 23.

Under the authority granted to it by Congress, the USPTO has promulgated a number of regulations governing the conduct of proceedings before it, including regulations for:

1. Trademark proceedings before the TTAB, 37 C.F.R. Part 2; and

2. Investigations and disciplinary proceedings, which include petitions to disqualify practitioners, 37 C.F.R. Part 11.

### A. Trademark Opposition Proceedings

37 C.F.R. Part 2 sets forth the "Rules for Practice in Trademark Cases." According to 37 C.F.R. § 2.116(a), "[e]xcept as otherwise provided, and wherever applicable and appropriate, procedure and practice in inter partes proceedings shall be governed by the Federal Rules of Civil Procedure." For trademark oppositions, 37 C.F.R. § 2.120(a)(1) specifically provides that discovery will be governed by the Federal Rules of Civil Procedure "except as otherwise provided." According to the TBMP, the USPTO "will presume the parties will comply with their obligation to make all required disclosures <u>and will utilize traditional discovery devices, as permitted by the Trademark Rules and Federal Rules of Civil Procedure</u>." § 401 (emphasis added). Although not explicitly stated in its regulations, the TBMP makes clear that the USPTO intends for 37 C.F.R. § 2.120 to authorize use of the federal district courts' subpoena powers, even with respect to non-parties. E.g., TBMP § 404.03(a)(2) ("If the proposed deponent is not willing to appear voluntarily, the deposing party must secure the deponent's attendance by subpoena" issued in accordance with the Federal Rules of Civil Procedure); id. § 406.01 ("if a discovery deposition deponent is a nonparty witness residing in the United States, production of designated documents by the witness at the deposition may be obtained by means of a subpoena duces tecum" issued in accordance with the Federal Rules of Civil Procedure).

### B. Investigations and Disciplinary Proceedings

Discovery for investigations and disciplinary proceedings is governed by 37 C.F.R. Part 11, subpart C, which provides for much narrower discovery than is available in trademark proceedings under 37 C.F.R. Part 2. According to 37 C.F.R. § 11.52(a)(1)-(3), (d), discovery for Part 11 proceedings is:

1. Permitted only upon authorization by the hearing officer after the party seeking discovery establishes that "the discovery sought is

reasonable and relevant to an issue actually raised in the complaint
    or the answer"; and

    2. Limited to "a reasonable number of written requests for admission
       or interrogatories," "a reasonable number of documents," and "a
       reasonable number of things other than documents."

Parties are permitted to utilize federal district courts' subpoena powers, but evidence so obtained "shall not be admitted into the record or considered unless leave to proceed" with the subpoena "was previously authorized by the hearing officer." Id. § 11.38. "Depositions may not be taken to obtain discovery, except . . . . [w]hen the [Director of the Office of Enrollment and Discipline ("OED Director")] and the respondent agree in writing," and the witness must appear voluntarily. Id. § 11.51(a)-(b).

Particularly relevant to this case, petitions to disqualify attorneys are exempted from almost all of the regulations governing disciplinary proceedings, including all of the regulations related to discovery and the federal district courts' subpoena powers. Id. § 11.19(c). In lieu of the standard procedures for Part 11 proceedings, petitions to disqualify "will be handled on a case-by-case basis under such conditions as the USPTO Director deems appropriate." Id. The TBMP emphasizes the unique nature of petitions to disqualify, stating that "[p]etitions to disqualify . . . are not disciplinary proceedings." § 115.03; id. § 513.02.

In short, according to the plain meaning of 37 C.F.R. § 11.19(c), petitions to disqualify:

    1. Have no pre-established procedures or authorizations for discovery; and

    2. Are subject to the USPTO Director's ad-hoc determinations.

### C. Federal District Courts' Subpoena Powers Related to USPTO Proceedings

Federal district courts do not possess the inherent authority to compel discovery in support of USPTO proceedings. Frilette v. Kimberlin, 508 F.2d 205, 208, 211 (3d Cir. 1974) (en

7

banc) ("Generally, discovery is not available in administrative procedures."). Congress granted federal district courts the power to issue subpoenas in support of USPTO proceedings under 35 U.S.C. § 24, Rosenruist-Gestao E Servicos LDA v. Virgin Enters. Ltd., 511 F.3d 437, 443 (4th Cir. 2007) (citing Frilette, 508 F.2d at 207, and Vogel v. Jones, 443 F.2d 257, 259 (3d Cir.1971)), which states that:

> The clerk of any United States court for the district wherein testimony is to be taken <u>for use in any contested case</u> in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness . . . . The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and the production of documents and things shall apply to <u>contested cases</u>.

(emphasis added).

By its terms, § 24 applies only to "contested cases" before the USPTO. The Court is aware of no court decision defining the term "contested case." Nevertheless, it is clear that it does not encompass every proceeding before the USPTO. For example, 37 C.F.R. § 11.38 specifically <u>includes</u> disciplinary proceedings under Part 11 within the definition of "contested cases." Id. ("a disciplinary proceeding shall be regarded as a contested case within the meaning of 35 U.S.C. 24"). At the same time, petitions to disqualify are specifically excluded from 37 C.F.R. § 11.38. Id. §11.19(c) (petitions to disqualify "are not governed by §§ 11.19 through 11.60"). The only logical inference to draw is that all proceedings before the USPTO, and petitions to disqualify in particular, do not qualify as "contested cases." Therefore, § 24 does not authorize federal district courts to issue subpoenas in support of every proceeding before the USPTO.[4]

---

[4] The Court notes that the USPTO recently filed an amicus brief in an appeal pending before the Federal Circuit, Abbott Labs. v. Cordis Corp., No. 2010-1244, 2012 WL 5248064 (Oct. 11, 2012) (Doc. 43), in which it expressly adopted the position that "contested case" refers to only a narrow subset of proceedings before the USPTO. According to the USPTO, "contested case":

In addition to § 24's requirement that subpoenas be in support of a "contested case," a number of circuits, including the Third Circuit, have held that § 24 allows courts to issue subpoenas only if the discovery or testimony[5] being sought is authorized by the USPTO. Rosenruist-Gestao E Servicos LDA v. Virgin Enters. Ltd., 511 F.3d 437, 443 (4th Cir. 2007); Brown v. Braddick, 595 F.2d 961, 966 (5th Cir. 1979); Sheehan v. Doyle, 529 F.2d 38, 39 (1st Cir. 1976) (per curium); Sheehan v. Doyle, 513 F.2d 895, 898 (1st Cir. 1975) ("section 24 is simply a provision giving teeth, through the courts' subpoena powers, to authority conferred upon the Commissioner of Patents" under 35 U.S.C. § 23 to "establish rules for taking affidavits and depositions" in cases before the USPTO); Frilette, 508 F.2d 205 (overruling In re Natta, 388 F.2d 215 (3d Cir. 1968), and adopting Judge Seitz's dissenting opinion in that case). But see Natta v. Hogan, 392 F.2d 686, 690 (10th Cir. 1968) (suggesting that § 24 permits discovery independent of USPTO regulations and rules by stating that § 24 "gives to parties in Patent Office proceedings the right to secure documents in accordance with the provisions of the federal civil rules").

The Court favors interpreting § 24 narrowly, as having granted federal district courts only "a supportive role . . . ensur[ing] the smooth functioning of the procedures adopted by the

---

1. "[S]ignif[ies] the small but important category of genuinely trial-like, adjudicative proceedings that occur before the agency"; and

2. Requires more than a "proceeding in which a party challenges, i.e., 'contests,' a position adopted by some other party in the proceeding."

Id. at *18-19 (quotation omitted). The USPTO supports its position by discussing the history of the term, stating that in the late 1800's it meant only patent interferences, but that it has since been expanded to encompass a small number of other proceedings, including disciplinary proceedings.

The USPTO also expressly adopted the position that requiring that discovery be in support of a "contested case" is a "long-recognized predicate[]" to invocation of courts' § 24 powers. Id. at *18.

[5] USPTO regulations differentiate between depositions taken for discovery purposes and depositions for testimony that may be "use[d] at [a] hearing in lieu of personal appearance of a witness." 37 C.F.R. § 11.51(a); see also id. § 2.123(a)(1) ("The testimony of witnesses in inter partes cases [before the TTAB] may be taken by depositions . . . .")

[US]PTO," Rosenruist-Gestao, 511 F.3d at 444 (citing Frilette, 508 F.2d at 209-10), because a narrow interpretation is consistent with the USPTO's plenary authority to determine the procedures for its proceedings,[6] Cooper Techs, 536 F.3d at 1335.[7]

In sum, courts' subpoena powers under § 24 are subject to two conditions:

1. Subpoenas may only be issued in support of "contested cases"; and
2. The discovery sought must be otherwise authorized by the USPTO.

## IV. The Court Lacks the Authority to Issue RBC's Subpoenas.

RBC argues that because it initiated its Petition to Disqualify by a motion filed in the Peer Opposition, its petition is merely a feature of the opposition, and RBC is, therefore, entitled to the broad discovery available in opposition proceedings under 37 C.F.R. Part 2. Treating RBC's petition as merely a feature of the Peer Opposition would effectively result in the petition qualifying as a "contested case" for the purposes of 35 U.S.C. § 24.[8]

Movants counter that because the Peer Opposition was automatically stayed by RBC filing its petition, Part 2's procedures should not apply. Rather, Movants argue that the procedures for RBC's petition should be governed by 37 C.F.R. § 11.19(c), and that RBC is not entitled to any discovery under this provision. For the reasons below, the Court finds that 37

---

[6] As Judge Wilkinson stated in his dissent in Rosenruist-Gestao – in which he agreed with the majority holding regarding the scope of courts' § 24 powers, but disagreed as to whether the USPTO had authorized the particular deposition in question – a more expansive reading of § 24 would "divorce[] the subpoena authority from 'the rudder that the court or agency which should have control over the case can provide,' and permit[] evasion of the [US]PTO's framework for obtaining evidence . . . . do[ing] violence to [§ 24's] role – established by its text – as an aid to [US]PTO proceedings." 511 F.3d at 460 (quoting Frilette, 508 F.2d at 211).

[7] The Court's conclusion is also consistent with the USPTO's amicus brief in Abbott Labs., in which the USPTO expressly adopted the position that "seek[ing] evidence consistent with [US]PTO rules" is a "long-recognized predicate[]" to utilizing courts' § 24 powers. 2012 WL 5248064, at *18.

[8] RBC appears to be correct that trademark opposition proceedings are "contested cases." The TBMP, when interpreting the USPTO's discovery regulations for opposition proceedings, repeatedly refers to § 24 subpoenas as a permissible, and sometimes necessary, discovery mechanism. E.g., § 404.03(a)(2) ("If the proposed deponent is not willing to appear voluntarily, the deposing party must secure the deponent's attendance by subpoena, pursuant to 35 U.S.C. § 24 . . . .") (emphasis added); id. §§ 404.09, 406.01, 411.04. However, the Court need not decide this issue, because petitions to disqualify are not opposition proceedings.

C.F.R. § 11.19(c) governs the procedures for RBC's petition, and that 35 U.S.C. § 24 does not provide the Court with the authority to issue RBC's subpoenas.

### A. Petitions to Disqualify Initiate Procedurally Independent Proceedings.

Petitions to disqualify initiate new proceedings with procedures determined exclusively by 37 C.F.R. Part 11. Part 11, subpart C sets forth the procedures for Part 11 proceedings. Subpart C specifically addresses petitions to disqualify, exempting them from subpart C's procedures and making them subject to the USPTO Director's "case-by-case" determinations. Id. § 11.19(c). Petitions directly to the USPTO Director under Part 11 are expressly authorized by subpart A, 37 C.F.R. § 11.2(e), which states that "[p]etition may be taken to the USPTO Director to invoke the supervisory authority of the USPTO Director in appropriate circumstances in disciplinary matters."[9]

Nothing in subparts A or C suggests that petitions to disqualify import procedures from the regulations for other proceedings. Doing so would, in fact, contravene the plain meaning of 37 C.F.R. § 11.19(c)'s provision that petitions to disqualify are handled "<u>under such conditions as the USPTO Director deems appropriate</u>." (emphasis added). For example, treating a petition to disqualify as governed by the procedures for opposition proceedings under Part 2 would permit invocation of the federal courts' 35 U.S.C. § 24 subpoena powers without first consulting the USPTO Director – as RBC has tried to do in this case.

Furthermore, USPTO regulations generally contemplate that the proceedings initiated by petitions to the USPTO Director will run concurrently with the proceedings giving rise to the

---

[9] RBC suggests that the authorization for petitions to disqualify in trademark cases is found in 37 C.F.R. § 2.146, which permits petitions to the Director in trademark cases under certain circumstances. RBC cites no authority for its position, and provides no explanation for why the Court should treat petitions to disqualify as being authorized under Part 2 when they are clearly authorized under Part 11. In rejecting RBC's position, the Court notes that for patent proceedings under 37 C.F.R. Part 41, the USPTO has expressly provided that the Patent Trial and Appeal Board "may disqualify counsel in a specific proceeding after notice and an opportunity to be heard." Id. § 41.5(b)(1) . It would be unreasonable for the Court to conclude that despite Part 2's lack of a similar provision, petitions to disqualify in trademark proceedings arise under Part 2.

petitions. Id. § 11.2(e) ("The mere filing of a petition will not stay an investigation, disciplinary proceeding or other proceedings."); see also id. § 2.146(g) ("The mere filing of a petition to the Director will not act as a stay in any appeal or inter partes proceeding that is pending before the [TTAB] . . . ."). This strongly supports treating proceedings concerning petitions as distinct, procedurally independent proceedings. The Court recognizes that petitions to disqualify result in automatic stays of the underlying proceedings, TBMP § 513.02 (proceedings in the underlying case are "immediately" suspended and "no additional papers should be filed by the parties until further notice, pending consideration of the petition"), but sees no reason to regard this as a basis for treating petitions to disqualify as merely features of those proceedings. If anything, the automatic suspension of underlying proceedings supports treating the petition proceedings as procedurally independent.

The Court's reading of Part 11 is also supported by the TBMP, which contains no indication that petitions to disqualify are merely features of the proceedings giving rise to them. To the contrary, section 513.02, titled "Petition to Disqualify," refers to only Part 11's procedures and describes petitions to disqualify as being "filed in connection with a proceeding pending before the" TTAB. (emphasis added).

B.     **RBC's Subpoenas Do Not Fall Within the Court's 35 U.S.C § 24 Powers.**

The Court has doubts regarding whether petitions to disqualify are "contested cases" under 35 U.S.C. § 24. As discussed in Section III.C., supra, not all proceedings before the USPTO are "contested cases," and the USPTO regulatory framework appears to exclude petitions to disqualify from the scope of this term.

However, the Court need not decide whether petitions to disqualify are "contested cases." Even if they are "contested cases," the Court would still not have the power to issue RBC's

12

subpoenas, because the discovery RBC seeks is not authorized by the USPTO. As discussed above, petitions to disqualify are governed exclusively by 37 C.F.R. Part11, and Part 11:

1. Exempts petitions to disqualify from even the narrow discovery allowed in disciplinary proceedings, and

2. Subjects petitions to disqualify to the USPTO Director's ad-hoc procedural determinations.

Id. § 11.19(c). It would be unreasonable for the Court to find that this amounts to a standing authorization for discovery in support of petitions to disqualify. Therefore, because RBC has not obtained authorization for the discovery it seeks, the Court has no authority to issue RBC's subpoenas.

**V.     Conclusion**

Movants' Motions to Quash are GRANTED.[10] An appropriate order follows.

O:\CIVIL 12\12mc216 peer v. roller\12mc216.Memo re Mots. to Quash.docx

---

[10] Movants and Respondent also made requests for sanctions, both of which are DENIED.